UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES OTTAVIANO,

        Plaintiff,

v.                    Case No. 8:08-cv-2204-T-33TGW

NAUTILUS INSURANCE COMPANY,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to plaintiff's motion for leave to file a reply pursuant to Local Rule 3.01(d) (Doc. # 14), which was filed on January 30, 2009. On February 9, 2009, defendant filed its response in opposition to plaintiff's motion for leave to file a reply. (Doc. # 15). Thereafter, on February 17, 2009, plaintiff filed a motion to strike defendant's response in opposition to plaintiff's motion for leave to file a reply. (Doc. # 16). This Court grants the motion for leave to file a reply and denies the motion to strike.

Local Rule 3.01(d), M.D. Fla., states, "A motion requesting leave to file . . . a reply or further memorandum shall not exceed three (3) pages, shall specify the length of the proposed filing, and shall not include, as an attachment or otherwise, the proposed . . . reply."

In this case, plaintiff seeks to file a reply to defendant's response to plaintiff's motion to determine entitlement to attorney's fees and costs. Plaintiff's motion for leave to file a reply complies with Local Rule 3.01(d), M.D. Fla., to the extent that it does not exceed three pages in length, and it specifies the length of the requested reply (ten pages). However, reasonable minds could disagree as to whether plaintiff's motion for leave to file a reply actually includes the substance of the reply within the body of the motion. Defendant's response in opposition to plaintiff's motion for leave to file a reply states, "Plaintiff's request for permission to file a reply is nothing more than a thinly veiled argument on the merits -- without telling the court why he should be allowed to file a reply, Plaintiff rehashes the arguments already made and attacks Nautilus' various positions." (Doc. # 15 at 5).

This Court tends to agree with defendant that plaintiff's motion for leave to file a reply was more detailed than necessary to communicate to the Court plaintiff's reasons for seeking to file the reply. Nevertheless, this Court will allow plaintiff to file a reply. Plaintiff asserts in his motion for leave to file a reply that defendant has misstated the facts and that defendant's case law should not be applied

to the facts of the present case. This Court finds that these grounds warrant the filing of a reply memorandum. Plaintiff is granted the opportunity to file a five page reply within ten days of the date of this order.

As for plaintiff's motion to strike defendant's response in opposition to plaintiff's motion for leave to file a reply, this Court determines that there are no grounds to strike defendant's response. Plaintiff argues that defendant's response in opposition to the motion for leave to file a reply is prohibited by the Local Rules of the Middle District of Florida. Plaintiff's argument is simply incorrect. Plaintiff's motion for leave to file a reply is a motion to which defendant was permitted to respond. Defendant's response complies with Local Rule 3.01(b). Accordingly, the motion to strike is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's motion for leave to file a reply pursuant to Local Rule 3.01(d) (Doc. # 14) is **GRANTED** to the extent that plaintiff may file a five page reply within ten days of the date of this order.

(2) Plaintiff's motion to strike defendant's response in opposition to plaintiff's motion for leave to file a reply (Doc. # 16) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>19th</u> day of February, 2009.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record